IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

ADRIAN BOYCE,
    Plaintiff,

v.

LOUIS GLOSSIP, *et al.*,
    Defendants.

Case No. 4:23-cv-04185-JEH

### Order

On June 11, 2025, the Court conditionally granted Plaintiff's Motion to Request Counsel (Doc. 63) and undertook a search for volunteer counsel that was ultimately unsuccessful, as discussed below. As a result, the Court's Order granting Plaintiff's Motion is vacated, and Plaintiff must continue to represent himself in this matter.

### I

This Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most the Court may do is to ask for volunteer counsel. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (". . . indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

The Court's Pro Bono Coordinator posted Plaintiff's request for counsel in this case on the Central District of Illinois's website and the Seventh Circuit's website. The Pro Bono Coordinator also directly contacted ten attorneys on the Court's local list of attorneys and sent an email to approximately 1,550 attorneys

who are members of the Seventh Circuit Bar Association asking for a volunteer to represent Plaintiff. No one agreed to represent Plaintiff.

The Court notes the steps taken not to disparage the attorneys who could not represent Plaintiff, but to show the scope of its attempt to recruit counsel. Recruiting *pro bono* counsel in this District is difficult. The need for *pro bono* attorneys far exceeds the supply. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) ("District courts are thus inevitably in the business of rationing a limited supply of free lawyer time."). Although "[a]lmost everyone would benefit from having a lawyer, . . . there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *DeWitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (internal quotation omitted); *Mejia v. Pfister*, 2021 WL 647085, *4 (7th Cir. Feb. 19, 2021) ("And, for its part, the district court found itself having to make a choice about how best to allocate scarce resources, for it remains the sad reality that there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.") (internal quotation omitted).

There are nearly 700 *pro se* prisoner cases pending in the Central District of Illinois at this time, with approximately 500 new *pro se* prisoner cases filed each year. Nearly all *pro se* prisoners request the appointment of *pro bono* counsel several times throughout their cases. Also, many appointments stretch on for several years, reducing the number of attorneys willing to take on new cases each year. An attorney's reluctance to volunteer is understandable. Prisoner civil rights cases can be a professional and a financial burden on the attorneys who regularly practice in this Court. Most firms in the Central District are small firms. Losing an attorney for several weeks for trial preparation and trial is a burden not only financially but also on the whole firm's ability to represent its paying clients. Further, no statutory basis exists for compensating *pro bono* counsel for fees or expenses unless *pro bono* counsel wins the case, which is statistically quite rare. The

Central District of Illinois provides reimbursement for up to $1,000 in out-of-pocket expenses, but that is typically a drop in the bucket compared to the full costs of litigating a *pro bono* case.

Although the Court tried to find volunteer counsel for Plaintiff, no attorney agreed to take the case. Plaintiff must represent himself going forward in this case. A district court is "not required to search for a volunteer lawyer indefinitely." *Austin v. Hansen*, 139 F.4th 604, 606 (7th Cir. 2025).

## II

Defendants' Motion for Summary Judgment is due on December 18, 2025. (d/e 12/2/2025). Plaintiff is advised he must file a response to Defendants' motion that comports with the Court's Local Rules. Local Rule 7.1(D)(2)(b) provides that a response to a summary judgment motion must state, in separate subsections: undisputed material facts, disputed material facts, disputed immaterial facts, undisputed immaterial facts, and additional material facts. Local Rule 7.1(D)(2)(b)(6) cautions, "[a] failure to respond to any numbered fact will be deemed an admission of the fact." *Id*.

**IT IS THEREFORE ORDERED:**

1) **The Court's Order entered on June 11, 2025 conditionally granting Plaintiff's Motion to Request Counsel is VACATED.**

2) **Plaintiff will need to represent himself moving forward in this case.**

*It is so ordered.*

Entered: December 12, 2025

s/Jonathan E. Hawley
U.S. District Judge

3